IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Stephen Swafford; | ) | Case No. 8:25-cv-00421-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Meer Electrical Contractors, Inc.; | ) | |
| Federal Signal Corporation; Capitol | ) | |
| Electronic Sales, Inc. *d/b/a* Capitol | ) | |
| Electronics, Inc.; Jason Cole; Julio | ) | |
| Corro; Edgar Vasquez; Diego Castillo, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| Federal Signal Corporation, | ) | |
| | ) | |
| Cross Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Meer Electrical Contractors, Inc., | ) | |
| | ) | |
| Cross Defendant. | ) | |
| _____ | ) | |

This matter is before the Court following an Order to Show Cause why the Court should not remand the action to state court. [Doc. 9.] Having reviewed the parties' filings and the applicable case law, the Court concludes it does not have subject-matter jurisdiction over this action and, therefore, the case is remanded to the Oconee County Court of Common Pleas.

Plaintiff filed this case in the Oconee County Court of Common Pleas on December 16, 2024. [Doc. 1-1.] The Complaint alleges that Plaintiff was injured when a 50-foot metal utility pole, being lifted by a crane, fell onto the outrigger beam of a truck, bounced

off, and struck Plaintiff.  [*Id.* ¶¶ 17, 27, 32–37.]  Defendant Federal Signal Corporation

("Federal") removed the case to this Court on January 22, 2025.  [Doc. 1.]

On January 27, 2025, the Court issued an Order to Show Cause why the Court

should not remand this action to state court based on lack of subject-matter jurisdiction

because the amount in controversy did not appear to exceed the jurisdictional

threshold.[1]  [Doc. 9.]  On January 28, 2025, Defendants Jason Cole; Julio Corro; Edgar

Vasquez; Diego Castillo; and Meer Electrical Contractors, Inc. ("Meer") filed their Answer

to the Complaint.  [Doc. 13.]   The next day, Federal filed its Answer and a cross

claim against Meer for indemnification.   [Doc. 18.]   On January 31, 2025, Federal

and Plaintiff filed a joint response to the Order to Show Cause.  [Doc. 19.]  As to why

this Court should conclude the threshold jurisdictional amount has been established

here, the parties simply assert that counsel have conferred "and Plaintiff confirms that

the amount in controversy and damages sought in this matter far exceeds the

jurisdictional threshold of $75,000.00." [*Id.*]

## DISCUSSION

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins.*

*Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove to federal district court

"any civil action brought in a State court of which the district courts of the United States

have original jurisdiction." 28 U.S.C. § 1441(a).  Remand of a case to state court following

removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time before final

---

[1] The Fourth Circuit Court of Appeals has explained that, in a removed case, a "district court may inquire *sua sponte* whether it has subject matter jurisdiction and impose on the defendants the burden of demonstrating jurisdiction." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is placed upon the party seeking removal."  *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction."  *Id.*  Thus, remand is necessary if federal jurisdiction is doubtful.  *Id.*

In this case, Federal alleges that removal was proper because the district court has diversity jurisdiction to hear Plaintiffs' claims under 28 U.S.C. § 1332, which grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of all interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1); [*see* Doc. 1 ¶ 8.]  "Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith."  *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  Nevertheless, "the amount in controversy requirement cannot be based on speculation as to what may occur."  *Burns v. State Farm Mut. Auto. Ins.*, No. 5:19CV31, 2019 WL 2603330, at *3 (N.D.W. Va. June 25, 2019).  Indeed, a defendant must demonstrate that the amount in controversy is satisfied "when the plaintiff contests, or the court questions, the defendant's allegation."  *Dart Cherokee Basin*, 574 U.S. at 89.  "When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to show . . . what the stakes of litigation . . . are given the plaintiff's actual demands."  *Scott v. Cricket*

3

*Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (alterations in original) (internal quotation marks omitted).

In his Complaint, Plaintiff alleges that as a proximate result of the accident, he has "suffered great physical harm and injury, all of which has caused and will cause Plaintiff to undergo much physical pain and suffering and mental anguish and distress and has caused Plaintiff to have to spend money for medical services." [*Id.* ¶ 41.] He seeks actual, consequential, and punitive damages, and court costs. [*Id.* ¶ 42.] Regarding the amount in controversy, in its notice of removal, Federal asserts that although Plaintiff does not specify a damages amount in the Complaint, it is apparent from Plaintiff's description of his injuries—recounted above—and from his request for punitive damages that the jurisdictional amount is established.[2] [Doc. 1 at 3–4.]

It is true that "claims for punitive damages must be included in the calculation of the amount in controversy." *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011) (internal quotation marks omitted). However, "courts in this district have established that the mere existence of a claim for punitive damages will not establish to a legal certainty or reasonable probability that the amount in controversy exceeds $75,000." *SNB Props. v. CMH Homes, Inc.*, No. 1:22-cv-

---

[2] Federal represents, based on the allegations in the Complaint, that complete diversity of the parties exists because Plaintiff is a citizen of South Carolina and Defendant Federal is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Illinois; Defendant Meer Electrical Contractors, Inc. is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in Georgia; Defendant Capital Electronics Sales, Inc. *d/b/a* Capital Electronics, Inc. is a corporation organized and existing under the laws of the State of Indiana with its place of business in Indiana; Defendants Jason Cole, Julio Corro, Edgar Vasquez, and Diego Castillo are residents of the State of Georgia; and Plaintiff is a citizen of the State of South Carolina. [Docs. 1 ¶ 9; 1-1 ¶¶ 1–8.]

02158-SAL, 2022 WL 17976781, at *3 (D.S.C. Dec. 28, 2022) (internal quotation marks omitted) (collecting cases).  Attorneys' fees also may be included in calculating the amount in controversy.  *Auto Money N. LLC v. Walters*, 737 F. Supp. 3d 330, 344 (D.S.C. 2024).  As with punitive damages, however, whether the potential for a fee award is sufficient to push the case to the threshold jurisdictional amount depends upon the facts of the case.  *Id.* at 344 & n.12.

Critically, in this case, Plaintiffs' Complaint does not specify the amount of damages sought.  [*See* Doc. 1-1.]  Indeed, the Complaint does not provide the amounts of any component of Plaintiffs' alleged damages.  [*See id.*]; *see also Legg v. Peterbilt of Atlanta, LLC*, No. 0:23-4534-MGL, 2024 WL 1679399, at *2 (D.S.C. Apr. 18, 2024) ("These allegations, which lack specific monetary figures, fail to allow for an accurate estimation of the amount of damages.").  The only monetary figure Federal points to appears in Federal and Plaintiff's joint representation in the response to the Show Cause Order that counsel have conferred and "Plaintiff confirms that the amount in controversy and damages sought in this matter far exceeds the jurisdictional threshold of $75,000.00." [Doc. 19.]  However, the parties offer no factual or evidentiary support for their position, and "the plaintiff and the defendant may not simply agree that the amount requirement has been satisfied, since parties cannot confer subject matter jurisdiction on the federal courts by stipulation or any other mechanism."  14B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3702 (5th ed.); *see Insur. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court.").

With Federal having established nothing more than that the parties *agree* that the amount in controversy in this case exceeds $75,000, the Court concludes Federal has not met its burden.  *See Mulcahey*, 29 F.3d at 151; Wright & Miller § 3702.  The Court therefore remands the case to the Oconee County Court of Common Pleas.

## CONCLUSION

Wherefore, based upon the foregoing, this action is REMANDED to the Oconee County Court of Common Pleas.

IT IS SO ORDERED.

<u>s/Jacquelyn D. Austin</u>
United States District Judge

February 3, 2025
Greenville, South Carolina